**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHAD SHERFEY, ET AL.,** | ) | **CASE NO.1:16CV776** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **VOLKSWAGEN GROUP OF** | ) | **OPINION AND ORDER** |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion to Remand (ECF # 3) and

Defendant Volkswagen Group of America, Inc.'s Motion to Stay Proceedings Pending Action

by the Judicial Panel on Multidistrict Litigation (ECF # 5).  For the following reasons, the

Court denies Defendant's Motion to Stay, and grants Plaintiffs' Motion to Remand on the

condition that Plaintiffs first file a separate stipulation on the amount of damages signed by all

Plaintiffs.

On February 26, 2016, Plaintiff Chad Sherfey and approximately 80 other named

plaintiffs filed their Complaint against Defendant in Lorain County Court of Common Pleas

alleging violations of the Ohio Consumer Sales Practices Act, fraudulent concealment, breach

of implied warranty, rescission and restitution and punitive damages.  According to the Complaint, Defendant made material misrepresentations concerning the fuel efficiency and emissions of certain VW models sold to the named Plaintiffs.

All named Plaintiffs are Ohio residents while Defendant is a New Jersey registered company with its principal place of business located in Virginia.  Plaintiffs' Complaint alleges only state law claims.

On March 30, 2016, Defendant removed the above-captioned case to United States District Court for the Northern District of Ohio based on diversity jurisdiction.  According to Defendant, there is diversity of citizenship on the face of the Complaint and the jurisdictional amount in controversy exceeds $75,000 because Plaintiffs seek, restitution, rescission and/or treble damages, attorney fees and punitive damages.   Although the Complaint does not allege an amount of damages, Defendant contends the amount in controversy exceeds $75,000 in light of the claims and relief sought by Plaintiffs.  In certain circumstances Ohio law permits recovery of the purchase price of the vehicle or  three times the actual economic damages suffered by a consumer.  Plaintiffs allege the purchase price of the vehicles in question did not exceed $40,000.  However, Defendant contends that, under Plaintiffs' theories of damages, Plaintiffs may recover three times actual economic damages.  When combined with potential punitive damages and attorney fees, all of which are properly considered by the Court for purposes of determining the amount in controversy, Defendant has established that the amount in controversy is $75,000 or greater.

Plaintiffs oppose the Motion on the bases of the stipulation contained in the Complaint, disclaiming recovery, including punitive damages and attorney fees, in excess of

2

$74,999.00.  This action is not plead as a class action, therefore, the recovery of each

individual Plaintiff is not aggregated for purposes of establishing the amount in controversy.

Plaintiffs have also disclaimed any injunctive relief.  Given the plain language of the

stipulation, Plaintiffs contend Defendant has not met its burden to the show the jurisdictional

amount in controversy is met and the case must be remanded to Lorain County Court of

Common Pleas.

## **LAW AND ANALYSIS**

### **Standard of Review**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially

been brought in federal court."  *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307

(E.D. Ky.1990).  Put another way, "[a] civil case that is filed in state court may be removed

by the defendant to federal district court if the plaintiff could have chosen to file there

originally."  *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008).  The

burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant.

*Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).  "Concern about

encroaching on a state court's right to decide cases properly before it, requires this court to

construe removal jurisdiction narrowly."  *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil &

Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  A removed case ***must*** be remanded if the

district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  In addition, "[w]here

there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding

the case to the State court where there is no doubt as to its jurisdiction."  *Walsh v. Am.

Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. &*

*D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930).   In order "[f]or a federal district court to have

original jurisdiction over a civil action based on diversity of citizenship, the amount in

controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)."

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Freeland v. Liberty Mutual Fire*

*Insurance Co.*, 632 F.3d 250, 252 (6th Cir. 2011).   Generally, "attorney fees are excludable

in determining the amount of controversy" unless a statute "expressly allows the payment of

such fees. *Williamson v. Aetna Life Ins.,* 481 F.3d 369, 376 (6th Cir.2007);

**Plaintiffs' Stipulation**

Plaintiffs Complaint contains the following stipulations and disclaimers:

1. Each Plaintiff expressly stipulates that he, she, or it each claim damages (inclusive of compensatory damages, punitive damages, relief under any other law, attorneys' fees, costs, interest, and any other relief plead herein) in a cumulative amount less than $74,999. Each plaintiff has only one car made the subject of this lawsuit. Accordingly, there is no amount of relief or combination of relief and damages sought by any one Plaintiff that exceeds $74,999. Each Plaintiff so stipulates.

2. Each Plaintiff expressly stipulates that he, she, or it does not seek injunctive relief.

3. Each Plaintiff expressly stipulates that he, she, or it does not seek a class action, does not seek to be a class representative, and wishes to pursue his, her, or its claim on an individual basis in this Court.

Under the heading "Jurisdiction- Stipulated Limitation of Damages" Plaintiffs'

Complaint further represents:

116. The entirety of Plaintiffs' claims and causes of actions are based upon the statutes and common law of the State of Ohio. There are no claims or causes of action in this complaint that are based upon federal law. Each Plaintiff so stipulates.

117. This court has jurisdiction over the claims and causes of action asserted

4

herein, and this matter is not removable to Federal Court. Each Plaintiff, in this action, stipulates that he, she, or it seeks damages, costs, attorney's fees and prejudgment interest will not exceed $74,999 total.

Plaintiffs further stipulate that any judgment that may be entered by the Court herein should not, under any circumstances, cumulatively total more than $74,999 for any one Plaintiff. Plaintiffs are willing that this stipulation be binding throughout the course of this litigation until its conclusion.

Defendant offers evidence that the amount in controversy, absent the stipulations, exceeds $75,000. Plaintiffs do not challenge Defendant's representation on the amount of damages at issue but rely strictly on the unequivocal stipulation.

Stipulations by plaintiffs to an amount below the federal jurisdictional amount are enforceable and are sufficient to defeat diversity jurisdiction. *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013) ("... federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement. That is so."). "A plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy for the first time ....'"*Shupe v. Asplundh Tree Expert Co.,* 566 F. App'x 476, 481 (6th Cir. 2014) quoting *Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 778 (W.D.Ky.2002). "[O]nly unequivocal statement[s] and stipulation[s] limiting damages will serve this purpose." *Shupe,* 566 F.3d at 481. An actual limitation on the amount of a potential judgment "is essential to any such stipulation." *Id.* "To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Id.*

Defendant opposes remand, asking the Court to stay the action until a final decision is

entered on transferring the case to the Volkswagen multi-district litigation transferee court in the Northern District of California.  If transfer is ordered, the MDL court will have the authority to grant or deny a motion to remand.

Defendant also contends that remand is improper because the Ohio Civil Rules prohibit plaintiffs from specifying in the demand the amount of damages sought.  Here, the stipulations are made in the Complaint and, according to Defendant, run afoul of Ohio Rule of Civil Procedure 8(a)'s prohibition.   Lastly, Defendant contends it has met its burden showing that the amount in controversy exceeds $75,000.

There is no dispute that motions to remand may be addressed by the transferor court or the transferee court when a conditional MDL transfer order has been entered. "We note, first, that remand motions can be presented to and decided by the transferee judge." *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001), citing *In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L.1973).  "Whether to grant a stay of proceedings pending a final ruling of the MDL Panel on the transfer of a case is within the inherent power of the court and is discretionary." *Fox v. Depuy Orthopaedics, Inc.,* No. 3:11 CV 387 CRS, 2011 WL 6057509, at *1 (W.D. Ky. Dec. 6, 2011).  "While some courts choose to rule on pending motions to remand prior to the MDL Panel's decision on transfer, other courts choose to grant a stay, even if a motion to remand has been filed." *Id.*  "A motion to dismiss or to remand, if it 'rais[es] issues unique to a particular case, may be particularly appropriate for resolution before the [MDL] Panel acts on the motion to transfer.'" *Id*. (citing *Manual for Complex Litigation* (Fourth) 20.131 at 221).  However,

"judicial economy is served by a stay pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court." *Ayers v. ConAgra Foods, Inc.,* 2009 WL 982472, *1 (S.D.Tex.2009). "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course." *In re Ivy,* 901 F.2d 7, 9 (2d Cir.1990).

The Court finds the issues presented in the Motion for Remand are unique to the case and are not likely to arise in cases that have been or will be transferred. It presents issues of Ohio law concerning what must be plead in a complaint and what effect, if any, a stipulation contained in a complaint has on the jurisdictional amount in controversy. Therefore, the Court denies Defendant's Motion to Stay the action and will proceed with an analysis of the Motion to Remand.

Ohio Civil Rules prohibit specifying the amount of damages sought in a complaint. Ohio Rule of Civil Procedure 8 reads in pertinent part:

> If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading ***but shall not specify in the demand for judgment the amount of recovery sought***, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10. At any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought.

Furthermore, Ohio Civil Rules permit recovery beyond what is demanded in the Complaint. ORCP 54 (Demand of Judgment) reads in pertinent part: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." Furthermore, 28 U.S.C. § 1446(c)(2)(B) expressly states that in

states such as Ohio, when "the State practice either does not permit demand for a specific sum
or permits recovery of damages in excess of the amount demanded," removal is appropriate if
"the district court finds, by the preponderance of the evidence, that the amount in controversy
exceeds the amount specified in section 1332(a)."  Therefore, Defendant argues, a stipulation
in a complaint cannot limit the jurisdictional amount in order to defeat diversity jurisdiction
when Defendant can demonstrate the amount in controversy exceeds the jurisdictional floor.

According to Defendant, Plaintiffs' stipulation that they do not seek damages
exceeding $74,999, procedurally violates ORCP 8 by specifying an amount of recovery
sought.  Defendant relies on cases out of the Kentucky federal and state courts.  In *Cook v.
Estate of Moore*, No. 3:12CV485, 2012 WL 5398064 (W.D. Ky Nov. 2, 2012) the Court
denied remand, holding that plaintiff's second amended complaint insufficiently established
an amount in controversy below the federal jurisdictional floor.  Plaintiff's demand stated her
claims were less than $75,000.  The court held such a statement was procedurally improper
when Kentucky Rules of Civil Procedure only allow for a short plain statement showing a
party is entitled to relief.  Because her demand could be ignored or amended at a later date, it
did not bind her to the amount demanded.  Furthermore, Plaintiff did not sign a stipulation
establishing the amount in controversy below the federal threshold.  Instead, the court held a
plaintiff should submit an irrevocable and unequivocal stipulation stating she would neither
seek nor accept damages in excess of the jurisdictional amount.

Defendant further cites to *Ambrozich v. Conagra*, 2007 U.S. Dist. LEXIS 86448 *7
(E.D. Ky Aug. 2, 2007), which also denied a motion to remand wherein the court determined
that it was the role of subsequent interrogatories and not the complaint to express an

8

enforceable limitation of damages.

Plaintiffs offer two recent opinions out of the Southern District of Ohio wherein the court, on facts nearly identical to those found in the above-captioned case, granted plaintiffs' motions to remand based on nearly identical stipulations found in the complaints.  In *Shelton v. Volkswagen Group of America, Inc.* No. 1:15CV733 (S.D. Ohio Dec. 28, 2015) (ECF #3 Ex. 1) and *Burke-Williams v. Volkswagen Group of America, Inc.,* No. 1:15CV702 (S.D. Ohio December 28, 2015) (ECF #3 Ex. 1), the court found the stipulations in the complaints unequivocal and binding on plaintiffs throughout the litigation, thus depriving the court of diversity jurisdiction.  In distinguishing the holdings in *Cook* and *Ambrozich,* the Southern District of Ohio court held those cases did not contain unequivocal stipulations like those before the court.

Caselaw is clear that a plaintiff may stipulate to a damages amount below the jurisdictional floor so long as the stipulation is unequivocal and binding on the plaintiff throughout the litigation.  However, in the vast majority of cases presented by the parties, the stipulations were separately filed instruments signed by the plaintiffs.  See *Spence v. Centerplate*, 931 F. Supp.2d 779 (W.D. Ky. 2013) (finding stipulations in complaint and subsequently filed stipulation sufficient to support remand); *Knowles,* 133 S. Ct. 1345 (complaint and affidavit may be sufficient to deny federal jurisdiction) *Van Etten v. Boston Scientific Corp.* (plaintiff's stipulation in motion in remand sufficiently clarified complaint supporting remand).  This comports more closely to the Sixth Circuit's holding in *Smith v. Nationwide Property and Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007), wherein the Sixth Circuit held "A disclaimer in a complaint regarding the amount of recoverable damages does

9

not preclude a defendant from removing the matter to federal court upon a demonstration that damages are "more likely than not" to "meet the amount in controversy requirement," but it can be sufficient absent adequate proof from defendant that potential damages actually exceed the jurisdictional threshold." Citing *Williamson v. Aetna Life Ins. Co.* 481 F.3d 369, 375 (6th Cir. 2007).

This Court believes that a separately filed stipulation, signed by all Plaintiffs, containing unequivocal and binding assertions on the amount of damages, best comports with federal and Ohio law.    The Court finds that a unilateral stipulation contained in a complaint raises questions about its power to bind plaintiff under the Rules of Civil Procedure where a plaintiff may amend his or her complaint, removing such a stipulation after remand. Requiring a separately filed stipulation signed by plaintiffs resolves this issue and further resolves any conflict with Ohio's pleading restrictions.  Furthermore, the United States Supreme Court has expressly established the district court's authority to insist on such a filing as a condition of remand.  See *Knowles*, 133 S. Ct. at 1350, quoting  14AA *C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure* § 3702.1, p. 335 (4th ed.2011) ("federal court, as condition for remand, can insist on a '*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount.'")

Therefore, Defendant's Motion to Stay is denied and the Court orders Plaintiffs to file within fourteen days a stipulation signed by all plaintiffs in the above action claiming damages in an amount below the federal jurisdictional limit.  Plaintiffs are cautioned that the language of the stipulation must be sufficiently unequivocal and binding.  Upon the filing of the stipulation, the case will be remanded to Lorain County Court of Common Pleas for

10

further adjudication.

       IT IS SO ORDERED.

                             s/ Christopher A. Boyko
                             CHRISTOPHER A. BOYKO
                             United States District Judge

Dated:  May 3, 2016